I wish to notice the situation of the case at the trial. The plaintiff was bound to prove that the deed to Mr. Sanders was void. He, therefore, under the circumstances, showed that the defendant was in adverse possession, and was further bound to show she claimed to hold under some specific title.

The judgment should be reversed and a new trial ordered, with costs to defendant to abide the event.

McADAM, J., concurs in result.

Judgment reversed and new trial ordered, with costs to defendant to abide event.

---

JAMES HYNES, as Receiver, Appellant, *v.* SARAH ADLER et al., Respondents.

(New York Superior Court—General Term, March, 1895.)

The intent of a husband in making a transfer of property to his wife is not imputable to her if she had no notice of it and was herself innocent.

APPEAL by plaintiff from judgment dismissing complaint, entered upon findings at Special Term.

*James Murphy*, for appellant.

*Joseph C. Wolff*, for respondents.

*Per Curiam.* The finding of the court below, that there was no fraud in the transfer from the husband to the wife, was sustained by the testimony. They were not contradicted in any respect. It does not seem to be an unusual occurrence, considering their previous dealings. The improbability of the transfer was not great. The intent of the husband would not be imputed to the wife if she had no notice of it and was herself innocent.

There does not seem to be any irregularity in the findings.

The appellant has taken no position that has not been examined.

Judgment affirmed, with costs.

Present: SEDGWICK, Ch. J., and BEEKMAN, J.

Judgment affirmed, with costs.